IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NASIR BROWN** | : | |
| | : | |
| v. | : | **CIVIL ACTION NO. 22-2453** |
| | : | |
| **MICHELLE FARRELL, et al.** | : | |

# ORDER

This 20th day of December, 2022, it is hereby **ORDERED** that:

1. The Report and Recommendation is **APPROVED AND ADOPTED**;[1]

2. The Petition for a Writ of Habeas Corpus is **DISMISSED**, without prejudice, for failure to exhaust state court remedies; and

3. Petitioner has neither shown denial of a federal constitutional right, nor established that reasonable jurists would disagree with this court's procedural disposition of his claims. A certificate of appealability is therefore **DENIED**.

      /s/ Gerald Austin McHugh
United States District Judge

---

[1] I separately note that Petitioner brings his Petition pursuant to 28 U.S.C. § 2241. § 2241 does explicitly address exhaustion. But "'an exhaustion requirement has developed through decisional law, applying principles of federalism,' and if a petitioner has not availed himself of state court remedies, the federal court must not exercise jurisdiction at the pre-trial stage absent 'extraordinary circumstances.'" *Sleets v. Pennsylvania*, No. CV 16-930, 2017 WL 8683557, at *5 (E.D. Pa. Dec. 21, 2017), *report and recommendation adopted*, No. CV 16-930, 2018 WL 1570814 (E.D. Pa. Mar. 29, 2018) (quoting *Moore v. DeYoung*, 515 F.2d 437, 442-43 (3d Cir. 1975). In *Moore*, the Third Circuit explicitly stated that "although there is a distinction in the statutory language of §§ 2254 and 2241, there is no distinction insofar as the exhaustion requirement is concerned." 515 F.2d at 442. There are no extraordinary circumstance here to excuse Petitioner from the exhaustion requirement.